[Cite as *State v. Ely*, 2024-Ohio-3152.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## ASHTABULA COUNTY

| | |
|---|---|
| STATE OF OHIO,<br>CITY OF CONNEAUT,<br><br>Plaintiff-Appellee,<br><br>- vs -<br><br>DAVID ELY,<br><br>Defendant-Appellant. | CASE NOS. 2024-A-0032<br>2024-A-0033<br>2024-A-0034<br>2024-A-0036<br><br><br>Criminal Appeals from the<br>Conneaut Municipal Court<br><br><br>Trial Court Nos. 2023 CRB 00267 A<br>2023 CRB 00267 B<br>2023 CRB 00267 C<br>2023 CRB 00267 D |

**O P I N I O N**

Decided: August 19, 2024
Judgment: Affirmed

*John D. Lewis*, Law Director, City of Conneaut, 294 Main Street, Conneaut, OH 44030 (For Plaintiff-Appellee).

*Margaret Brunarski*, Ashtabula County Public Defender, and *Michael J. Ledenko*, Assistant Public Defender, 22 East Jefferson Street, Jefferson, OH 44047 (For Defendant-Appellant).


ROBERT J. PATTON, J.

{¶1}  Defendant-appellant, David Ely ("Ely"), appeals the judgment of the Conneaut Municipal Court after a jury found Ely guilty of both Assault and Obstructing Official Business. For the following reasons, we affirm.

{¶2}  On September 13, 2023, the City of Conneaut filed a complaint in the Conneaut Municipal Court charging Ely with Assault (Case No. 23CRB267A), Cruelty to Companion Animals (Case No. 23CRB267B), Obstructing Official Business (Case No. 23CRB267C), and Aggravated Disorderly Conduct (Case No. 23CRB267D).

{¶3}  On September 14, 2023, Ely entered a plea of not guilty. On February 22, 2024, the Conneaut Municipal Court held a jury trial. At trial, four witnesses testified for the City of Conneaut including Tiffany Strickler ("Strickler"), Robert Coffelt ("Coffelt"), Officer Collin Fisher ("Officer Fisher"), and Detective Jesse Lardi ("Detective Lardi"). Two witnesses testified on behalf of Ely including Tonya Merrill ("Merrill") and Ely himself. The following testimony was presented at trial:

{¶4}  These charges arise from an incident which occurred on September 12, 2023. Strickler was in her home at 709 Madison Street in Conneaut. It was Strickler's birthday. Guests in Strickler's home informed Strickler that her stepsister, Merrill, walked past her home. Merrill had in fact walked past Strickler's home with Ely. Merrill and Ely were going to Ely's father's home at 727 Madison Street, five houses away from Strickler's home. Strickler then left her home, walked down off her porch, and approached the public sidewalk to address Merrill and Ely for not stopping by on her birthday.

{¶5}  Strickler observed Ely further up the sidewalk by Coffelt's property. There was conflicting testimony regarding what Ely was doing. Strickler witnessed Ely first stomp at Coffelt's dog, then kick the dog. Both Strickler and Coffelt heard the dog make an audible "yelp." Ely stated, however, that the dog barked at and tried to attack him, and that he did not kick the dog.

2

**{¶6}** Strickler then yelled obscenities at both Ely and Merrill initially characterizing them as playful because Merrill had not stopped to wish her a happy birthday. The verbal altercation then appeared to escalate. At trial, Strickler stated she called Ely "a drug addict" and Ely called her a "predator," a "meth whore," and a "fat bitch." (T.p. 108, 199). Ely stated Strickler was "arguing and screaming" with him, and that there were "words exchanged" between the two of them. (T.p. 209-210).

**{¶7}** Witness testimony varied as to how Strickler continued down the sidewalk. Strickler stated that she walked closer to Merrill and Ely to see what was going on while still yelling and arguing. Merrill and Ely said that Strickler ran towards them. At that point, Ely walked off on his own toward his father's house, leaving Merrill on the sidewalk.

**{¶8}** Ely walked to the side of his father's home, picked up a bottle of beer, and emptied its contents. Ely then walked to the end of his father's driveway and threw the empty bottle. Strickler, Coffelt, Ely, and Merrill each told a different story as to how Ely threw the bottle. Strickler said that Ely threw the bottle at her and missed her narrowly, causing her to duck. Coffelt stated that Ely threw the bottle towards Strickler and Strickler "just stood there." Ely said he threw the bottle at the ground to make a loud sound to scare Strickler. Merrill claimed that Ely broke the bottle in his hand but did not throw it.

**{¶9}** Much of the witness testimony differed concerning how far away Strickler was when Ely threw the bottle. Strickler claimed she was 30 to 40 feet away. Coffelt said Strickler was standing near his property about 20 to 25 feet from Ely. Ely and Merrill claimed she was 30 feet away. Regardless of the distance, Coffelt and Ely agree the bottle broke near Coffelt's property.

3

**{¶10}** After the bottle broke, Strickler and Coffelt returned to their respective homes to call the police. Officer Fisher and Detective Lardi arrived on the scene, spoke to Strickler and Coffelt, then decided to arrest Ely. Officer Fisher and Detective Lardi spoke with Ely's father at his home. The witnesses disagree as to Ely's actions when Officer Fisher and Detective Lardi arrived. Ely stated he was pacing in the driveway, though Officer Fisher and Detective Lardi claimed they did not immediately see him. Ely then made his way around the side of the house and down the driveway into Detective Lardi's view. Detective Lardi identified him, ordered him to stop, and informed him he was under arrest.

**{¶11}** Detective Lardi and Officer Fisher stated that next, Ely began to jog towards the back of the house yelling for his father to let him in. They also stated that Detective Lardi unholstered his taser and ordered Ely to stop again. Both testified that Ely moved about 20 feet before they could grab Ely's arms and place him in handcuffs. Ely testified that he submitted to the arrest without incident and sought only to give the officers his side of the story.

**{¶12}** At trial, the jury found Ely guilty of Assault, a first-degree misdemeanor, in violation of the Codified Ordinances of the City of Conneaut 537.03(a), and Obstructing Official Business, a second-degree misdemeanor, in violation of the Codified Ordinances of the City of Conneaut 525.07(a). The jury found Ely not guilty of the Cruelty to Animals and Aggravated Disorderly Conduct charges.

**{¶13}** Ely was sentenced to 180 days in jail with 13 days credited and 167 days suspended, on the Assault charge. The court placed Ely on supervised probation for 5 years and ordered him to submit to comprehensive diagnostic assessment for alcohol,

4

substance abuse, anger management and mental health treatment within 15 days. Also, regarding the Assault count, the court ordered Ely not to purchase, possess or consume any alcohol, drug of abuse or pseudoephedrine product for 5 years. With respect to the Obstructing Official Business count, the trial court sentenced Ely to 90 days in jail with 13 days credited and 77 days suspended regarding the Obstructing Official Business count. The trial court also placed Ely on 5 years of supervised probation, ordered him to submit to the same diagnostic testing as ordered for the Assault conviction, and directed Ely to not use drugs or alcohol for 5 years. The judgment entry indicates that these sentences would run consecutively.

{¶14} Ely timely appeals and asserts one assignment of error.

{¶15} [1.] "Is David Ely's conviction for Assault and Obstructing Official Business against the manifest weight of the evidence?"

## Manifest Weight on the Assault Count

{¶16} "[W]eight of the evidence addresses the evidence's effect of inducing belief." *State v. Wilson*, 2007-Ohio-2202, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387 (1997). An appellate court must consider all the evidence in the record, the reasonable inferences, the credibility of the witnesses, and whether, "in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). "When a court of appeals reverses a judgement of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as the 'thirteenth juror' and disagrees with

5

Case Nos. 2024-A-0032, 2024-A-0033, 2024-A-0034, 2024-A-0036

the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, quoting *Tibbs v. Florida*, 457 U.S. 31, 42 (1982).

{¶17} Despite conflicting testimony from Merrill and Ely about whether Ely threw the bottle, the jury as fact finder was free to believe all, some, or none of the testimony presented. *State v. Fetty*, 2012-Ohio-6127, at ¶ 58 (11th Dist.). Given the testimony, Strickler and Ely engaged in a verbal altercation until the bottle broke. Strickler characterized her initial statements to Ely as playful, but Strickler, Coffelt, Merrill and Ely testified that a verbal argument ensued throughout this incident. Strickler, Coffelt, and Ely's version of the events taken together demonstrate that Ely threw the bottle at Strickler. Ely testified he threw the bottle to scare Strickler but that he knew not to throw it *at* her. Coffelt stated Strickler was standing in front of his property when the incident occurred. Strickler stated she ducked out of the way when Ely threw the bottle.

{¶18} Considering the collective testimony from Strickler, Coffelt, and Ely himself, we cannot say the jury clearly lost its way to create a manifest miscarriage of justice.

### Manifest Weight on the Obstructing Official Business Count

{¶19} Here, testimony from Officer Fisher and Detective Lardi highlights Ely's effort to delay his arrest. Both Officer Fisher and Detective Lardi testified that Detective Lardi informed Ely he was under arrest and ordered him to stop in the driveway twice. Both officers further stated that Ely did not stop but instead ran to the back door while asking his father to let him in. The only testimony to the contrary came from Ely himself who claimed he tried to tell the officers his version of the story before submitting to the arrest without incident. Again, free to believe some, all, or none of the testimony presented, the jury did not clearly lose its way to create a manifest miscarriage of justice.

6

{¶20} Therefore, the appellant's convictions for Assault and Obstructing Official Business are consistent with the weight of the evidence.

{¶21} Ely's sole assignment of error is without merit.

{¶22} For the foregoing reasons, we affirm the judgment of the Conneaut Municipal Court.

MATT LYNCH, J.,

JOHN J. EKLUND, J.,

concur.